**FILED**
**Sep 20, 2019**
**02:30 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **DAVID BRYAN,** | ) **Docket No. 2018-03-0115** |
| **Employee,** | ) |
| **v.** | ) |
| **ASHLEY DISTRIBUTION** | ) |
| **SERVICES, LTD,** | ) **State File No. 13790-2016** |
| **Employer,** | ) |
| **And** | ) |
| **HARTFORD CASUALTY** | ) |
| **INSURANCE COMPANY,** | ) **Judge Pamela B. Johnson** |
| **Employee,** | ) |

## EXPEDITED HEARING ORDER DENYING BENEFITS

Mr. Bryan seeks additional medical treatment, specifically a panel of physicians, for continued treatment of his closed-head injury.[1] Ashley Distribution denied his request for a new panel but offered to allow him to return to Dr. Jeffrey Uzzle for further treatment. After an Expedited Hearing on September 4, 2019, the Court holds Mr. Bryan failed to demonstrate that he is entitled to a new panel at this time.

### History of Claim

Mr. Bryan was a truck driver with Ashley Distribution. On February 10, 2016, he fell on ice while delivering furniture. Due to his fall, Mr. Bryan suffered insomnia, headaches, tinnitus, dizziness, balance deficits, concentration difficulties, and emotional instability. He timely reported his injury, and Ashley Distribution accepted his claim.

Mr. Bryan received authorized treatment with Dr. Robert L. Chironna, who determined that Mr. Bryan suffered from post-concussive symptoms from a traumatic brain injury. He treated Mr. Bryan's symptoms with prescription medication and various

---

[1] The Dispute Certification also listed temporary disability benefits as an issue. However, at the Expedited Hearing, Mr. Bryan stated he was only seeking additional medical benefits and reserved his right to seek additional temporary disability benefits at a later date.

1

therapies.[2]  On Dr. Chironna's recommendations, Mr. Bryan underwent physical therapy, occupational therapy, speech and language therapy, vision therapy, and behavioral medicine/psychotherapy.  Dr. Chironna anticipated that Mr. Bryan was nearing maximum medical improvement (MMI) during his last visit on June 26, 2017.

Unfortunately, Dr. Chironna died before he could assign MMI and assess permanent medical impairment.  Ashley Distribution did not provide a panel of physicians to take over his care.  Instead, the parties agreed that Mr. Bryan would see Dr. Jeffrey Uzzle to determine whether Mr. Bryan had reached MMI and sustained a permanent impairment.[3]

Mr. Bryan saw Dr. Uzzle on February 6, 2018.[4]  Dr. Uzzle examined Mr. Bryan and reviewed his extensive treatment following the injury.  He noted Dr. Malcolm Spica evaluated him and found that Mr. Bryan had: (1) a normal neuropsychological examination, no restrictions or limitations, and no findings of neurocognitive disorder from a brain injury; (2) no significant mood disruption or other psychiatric features; and (3) no neurocognitive or behavioral health dysfunction that rises to the level of impairment.  Similarly, Dr. Uzzle noted that Dr. Sidney Alexander conducted an independent psychiatric evaluation resulting in his conclusion that Mr. Bryan was malingering and did not require work restrictions or limitations.

Dr. Uzzle then determined that Mr. Bryan "probably" had a mild traumatic injury or concussion from his work injury, which "completely resolved without residuals." Dr. Uzzle stated Mr. Bryan's "ongoing subjective complaints are probably behavioral in etiology and unrelated causally to the work injury." Dr. Uzzle placed Mr. Bryan at MMI on February 6 and assigned a zero-percent impairment rating for his mild traumatic brain injury.  Dr. Uzzle also indicated Mr. Bryan needed no further treatment or restrictions related to his work injury, and he stated he could return to work as a truck driver.

In response, Mr. Bryan testified that Dr. Uzzle only conducted a short examination lasting ten minutes and did not have sufficient information to know what he was experiencing due to his injury.  Mr. Bryan said he continues to suffer ringing in his ears, balance problems, visual disturbances, and headaches.  He acknowledged that he is able to drive his personal vehicle but denied that any physician cleared him for commercial driving.

At the hearing, Mr. Bryan requested a panel.  Ashley Distribution denied the

---

[2] Mr. Bryan did not select Dr. Chironna from a panel.

[3] Mr. Bryan did not select Dr. Uzzle from a panel.

[4] In his report, Dr. Uzzle noted Ashley Distribution asked him to address causation, MMI, and impairment rating.

2

request but offered a return visit to Dr. Uzzle.

## Findings of Fact and Conclusions of Law

Mr. Bryan must show at an Expedited Hearing that he would likely prevail at a hearing on the merits that he is entitled to a new panel of physicians. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018).

The Workers' Compensation Law requires an employer to furnish medical treatment made reasonably necessary by a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). A work injury causes the need for medical treatment only if it is shown to a reasonable degree of medical certainty that the injury contributed more than fifty percent in causing the need for medical treatment. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes. The causation opinion of the panel-selected physician is presumed correct. *See generally* Tenn. Code Ann. § 50-6-102(14).

Mr. Bryan argued that Dr. Chironna's opinion is entitled to a presumption of correctness as the authorized treating physician. As the Workers' Compensation Appeals Board held in *Gilbert v. United Parcel Service*, 2019 TN Wrk. Comp. App. Bd. LEXIS 20, at *13 (Jun. 7, 2019), "Tennessee Code Annotated section 50-6-102(14)(E) makes clear that the rebuttable presumption of correctness attributable to a causation opinion applies only to such opinions expressed by a treating physician selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3)." Therefore, Dr. Chironna's opinion holds no presumption of correctness. Moreover, his last office note contains no specific recommendation for further treatment or evaluation that Ashley Distribution has not already provided.

Here, Dr. Uzzle determined Mr. Bryan did not recommend further treatment and indicated he could return to truck driving without restrictions. Mr. Bryan offered no expert opinion relating his need for medical treatment to the work injury. Thus, the Court holds Mr. Bryan failed to demonstrate that he is likely to prevail at a hearing on the merits concerning entitlement to the requested physician panel.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Bryan's request for a panel is denied at this time.

2. This case is set for a **Scheduling Hearing** on **January 13, 2020**, at **1:30 p.m. Eastern Time**. The parties must call 855-543-5041 (toll-free) to participate. Failure to appear by telephone might result in a determination of the issues without the party's participation.

**ENTERED September 20, 2019.**

PAMELA B. JOHNSON, JUDGE
Court of Workers' Compensation Claims

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Witness and Exhibit List

Exhibits:
1. Affidavit
2. Medical Records with Table of Contents[5]
3. Medical Records of Dr. Chironna

## CERTIFICATE OF SERVICE

I certify that a copy if this Order was sent as indicated as September 20, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Jonathan W. Doolan, Employee's Attorney | | | X | jonathan@collinsdoolan.com |
| Richard R. Clark, Jr., Employer's Attorney | | | X | RClark@eraclides.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

---

[5] Page 7 of Dr. Uzzle's report was missing in original filing. The employer submitted page 7 at the Court's request and added to this exhibit.

4



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____. Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____

NOTARY PUBLIC

My Commission Expires:_____


LB-1108 (REV 11/15)                              RDA 11082



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*